MEMORANDUM *
Citrus El Dorado LLC (“Citrus”) entered into a Construction Loan Agreement with First Heritage Bank, N.A for a $13,394,000 loan. First Heritage Bank, N.A. failed and was taken over by the Federal Deposit Insurance Corporation (“FDIC”). To facilitate the liquidation of First Heritage assets, the FDIC organized a series of transactions. First, the FDIC created FNBN-RESCON I LLC, of which it was the sole owner. Then, the FDIC transferred the Participation Interest and Servicing Obligations in a group of loans— including Citrus’s — to FNBN-RESCON I LLC. FNBN-RESCON I LLC then entered into a Servicing Agreement with Stearns Bank, N.A (“Stearns”). Stearns, acting as an independent contractor, agreed to service the loans and indemnify FNBN-RESCON I LLC for any damage it caused. Acting as the loan’s servicer, Stearns declined to fund the final draw on Citrus’s loan, Citrus defaulted, and Stearns gave notice of non judicial foreclosure.
*627 After receiving notice of the non judicial foreclosure, Citrus filed suit in Orange County Superior Court against Stearns Bank, FNBN-RESCON I, and the FDIC asserting contract and tort claims and seeking to stop the foreclosure. The state court stayed the foreclosure and the FDIC removed the case to federal district court. The district court granted the FDIC’s motion to dismiss because Citrus failed to exhaust administrative remedies and the claim was thus barred. The case against Stearns Bank and FNBN-RESCON I was tried before a jury. The jury was presented with four claims: (1) breach of contract; (2) fraud; (3) intentional interference with a contract; (4) negligent interference in a business relationship. The jury found Stearns liable for a breach of contract and negligent interference in a business relationship. Stearns appeals on numerous grounds, and we reverse and remand for a new trial.
1. The district court instructed the jury that Stearns and FNBN-RESCON I “claim that they are not liable for breach of contract, fraud or interference with economic relations based on any actions taken or not taken, or statements and representations made or not made, by the FDIC, First Heritage Bank, N.A. or First National Bank of Nevada, each of whom is not a party to this case.” Defendants had proposed this instruction, but without the qualifying phrase “claim that.” Nonetheless, they did not object to the instruction as given. We need not decide whether an objection was preserved under the “pointless formality” exception, see Monroe v. City of Phoenix, Ariz., 248 F.3d 851, 858 (9th Cir.2001), overruled on other grounds by Acosta v. Hill, 504 F.3d 1323 (9th Cir.2007), because the instruction was plain error.
We “consider a plain error in the instructions that has not been preserved as required by Rule 51(d)(1) if the error affects substantial rights.” Fed.R.Civ.P. 51(d)(2); Hunter v. Cnty. of Sacramento, 652 F.3d 1225, 1230 n. 5 (9th Cir.2011). In determining whether the instruction is plain error we consider the law as it exists on appeal. Henderson v. United States, - U.S. -, 133 S.Ct. 1121, 1126, 185 L.Ed.2d 85 (2013). The Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (“FIRREA”) contains a limitation on judicial review. 12 U.S.C. § 1821 (d)(l 3) (D) (i)-(ii). After this trial concluded, we clarified that FIRREA’s limitation on judicial review bars claims against any party, including banks that obtain assets of failed banks from the FDIC, based on any act or omission of the FDIC. Benson v. JPMorgan Chase Bank, N.A., 673 F.3d 1207, 1214-16 (9th Cir.2012). In light of Benson, the jury instruction was plainly erroneous because by using the qualifier “claim that,” it incorrectly left open the possibility that Stearns could be held liable for actions taken by the FDIC. Such liability is squarely foreclosed by Benson.
This error affected Stearns’s substantial rights because a critical theme of Citrus’s presentation to the jury was that Stearns was responsible for the actions of the FDIC. The evidence at trial strongly suggested that the damage alleged by Citrus occurred when the FDIC owned the loan. Despite an earlier jury instruction that stated that Stearns cannot be held liable for the FDIC’s actions, the incorrect “claim that” instruction likely caused the jury to assign liability to Stearns for the damage caused by the FDIC.[1]
*628 We REVERSE the denial of Stearns’s Rule 59 motion for a new trial based on the jury instruction. We REMAND for a new trial.
2. Stearns raised other arguments in the Rule 59 portion of its post-trial brief, but because we have concluded that the case must be remanded for a new trial, we need not reach them. Even if we concluded, for example, that there was insufficient evidence supporting the claim of a contract between Citrus and Stearns, we could not grant judgment as a matter of law on the contract claim because Stearns did not make Rule 50 motion on that claim. See Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc., 546 U.S. 394, 399, 126 S.Ct. 980, 163 L.Ed.2d 974 (2006).
3. Stearns preserved its argument that there was no evidence to support the negligent interference in a business relationship claim. To prevail on that claim, Citrus was required to identify an existing actual economic relationship. See Venhaus v. Shultz, 155 Cal.App.4th 1072, 1077-78, 66 Cal.Rptr.3d 432 (2007) (describing elements of negligent interference in a business relationship claim). Citrus does not identify, nor does the record indicate, any existing actual relationship between Citrus and a third party.
We REVERSE on the negligent interference in a business relationship claim.
4. In its post-trial motion, Stearns also argued that the claims should be dismissed based on FIRREA. This motion was either waived or properly denied. The motion to dismiss could be construed as making two arguments. It could be a Rule 12(b)(1) motion arguing that the claims should be dismissed for lack of jurisdiction because they are inherited liability claims barred by FIRREA. See Benson, 673 F.3d at 1211 (claims of inherited liability from FDIC are evaluated under Rule 12(b)(1)). We affirm the denial of the 12(b)(1) motion to dismiss because Citrus alleged that Stearns took independent wrongful acts and therefore has pled a cause of action distinct from inherited liability. The motion to dismiss could alternatively be characterized as challenging the sufficiency of the allegation that Stearns engaged in independent wrongful acts. Such a motion would be a motion for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), see Benson, 673 F.3d at 1217 (claims of an independent wrongful act by a purchaser of loan are evaluated under Rule 12(b)(6)), and because it was made after trial, it was waived, see Fed.R.Civ.P. 12(h)(2)(C) (the latest that a 12(b)(6) motion can be filed is “at trial”).
We AFFIRM the denial of the motion to dismiss.
AFFIRMED in part; REVERSED in part; REMANDED.[2]
Each party shall bear their own costs on appeal.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. Even viewed together, at best the instructions contained one correct instruction regarding Stearns's liability for the FDIC’s actions and one incorrect instruction, which *628 said that Stearns only claimed that it could not be held liable for the acts or omissions of the FDIC. The existence of two conflicting instructions, even if one would be correct viewed in isolation, is plain error.

. We deny Citrus’s request to dismiss the appeal for a failure to provide adequate excerpts of record. As should be clear from the word "excerpts,” the Appellant is not required to file the entire record.