Filed 2/18/16  Womble v. Osborne CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ALBERT B. WOMBLE, | |
| Plaintiff and Respondent, | G050965 |
| v. | (Super. Ct. No. 30-2013-00656839) |
| PATRICIA A. OSBORNE, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Andrew P. Banks, Judge.  Affirmed.  Motion to Dismiss.  Denied as moot.

Law Offices of William B. Hanley and William B. Hanley for Defendant and Appellant.

Troutman Sanders, Penelope Parmes and Martin W. Taylor for Plaintiff and Respondent.

\*          \*          \*

# INTRODUCTION

Defendant Patricia A. Osborne appeals from the judgment entered after the trial court granted plaintiff Albert B. Womble's motion for summary adjudication of his claim against Osborne for breach of a guarantee agreement. Osborne had guaranteed the repayment of Womble's $3 million loan to Osborne Development-Calimesa Ranch, L.P. The promissory note evidencing the loan agreement was secured in part by four deeds of trust. Osborne opposed the motion on the ground that the security-first rule of Code of Civil Procedure section 726 required Womble to exhaust that security, or establish the security is worthless, before suing her for breach of the guarantee agreement. (All further statutory references are to the Code of Civil Procedure unless otherwise specified.)

We affirm. Civil Code section 2856, subdivision (a)(3) permits a guarantor to waive the rights or defenses of section 726. In the guarantee agreement, Osborne waived the requirement that Womble exhaust any security before suing her for breach of the guarantee agreement. It is well settled that such a waiver is enforceable. As no triable issue of material fact exists regarding Womble's claim for breach of the guarantee agreement against Osborne, the trial court properly granted summary adjudication on that claim in favor of Womble.

# SUMMARY OF THE FACTS

This lawsuit involves claims arising from three promissory notes and related guarantee agreements. Osborne's appeal is limited to challenging the trial court's grant of summary adjudication in favor of Womble as to his claim for breach of the guarantee agreement relating to the promissory note referred to by the parties as the "Calimesa Note." Our summary of facts is therefore limited to those facts relevant to that claim.

I.

THE CALIMESA NOTE

On September 10, 2007, Womble and Osborne Development-Calimesa Ranch, L.P., executed a promissory note secured by deeds of trust, assignments of rents, and collateral assignment of membership interest in a limited liability company (the Calimesa Note), pursuant to which Womble loaned $3 million to Osborne Development-Calimesa Ranch, L.P. The maturity date of the Calimesa Note was December 31, 2012.

II.

THE CALIMESA NOTE GUARANTEE AGREEMENT

Also on September 10, 2007, Womble, Osborne, her husband, Robert E. Osborne, Sr.,[1] and Osborne Development Corporation (ODC) executed a written "UNCONDITIONAL GUARANTEE OF PAYMENT," by which Osborne, her husband, and ODC (collectively referred to as "Guarantor" in the agreement) unconditionally guaranteed, among other things, the payment of the entire amount due and owing under the Calimesa Note as a condition precedent to Womble making the loan set forth in the Calimesa Note (the Calimesa Note Guarantee Agreement).

The following excerpts of the Calimesa Note Guarantee Agreement are relevant to the issue in this appeal.

Section 1.1: "Guarantor unconditionally guarantees the due and punctual payment when due of the principal amount of the Loan, together with interest accrued and to accrue hereafter thereon and all other amounts owing by Borrower to Lender in connection with the Loan or Loan Documents, and the performance by Borrower of all of

---

[1] Robert E. Osborne, Sr., passed away in April 2013.

its other obligations to Lender, howsoever or whensoever arising, in connection with the Loan or the Loan documents."

Section 1.2: "Guarantor hereby agrees that this Guarantee is a guarantee of payment and not of collection, and that Guarantor's obligations under this Guarantee *shall be primary, absolute and unconditional, irrespective of and unaffected* by: [¶] . . . [¶] 1.2.2. The *absence of any action to enforce the Note* or any of the Loan Documents or the waiver or consent by Lender with respect to any provisions thereof or of any other agreements between Guarantor and Lender; [¶] 1.2.3. The *existence, value or condition of any security for the Guaranteed Indebtedness or any action or the absence of any action by Lender* with respect thereto (including without limitation the release thereof); or [¶] 1.2.4. *Any other action or circumstance which might otherwise constitute a legal or equitable discharge or defense of a surety or guarantor*, it being agreed by Guarantor that its obligations under this Guarantee shall not be discharged except by payment and performance as provided herein." (Italics added.)

Section 1.3: "Guarantor expressly waives all of the following: [¶] 1.3.1. All rights it may have now or in the future under any statute, or at common law, or at law or in equity, or otherwise, to compel Lender to proceed in respect of the Guaranteed Indebtedness against Borrower or any other party *or against any security for the payment of the Guaranteed Indebtedness before proceeding against, or as a condition to proceeding against Guarantor*. . . . It is agreed between Guarantor and Lender that the foregoing waivers are of the essence of the transaction contemplated by the Loan Agreement and that, but for this Guarantee and such waivers, Lender would decline to make the Loan. [¶] 1.3.2. . . . Guarantor further waives the right to a jury trial in any action hereunder and rights by statute *or otherwise to require Lender to institute against Borrower or to exhaust its rights and remedies against Borrower*, Guarantor being bound to the payment of each and all Guaranteed Indebtedness of Borrower to Lender whether now existing or hereafter accruing as fully as if such Guaranteed Indebtedness was

4

directly owing to Lender by Guarantor. . . . [¶] 1.3.3. . . . Notwithstanding any foreclosure of the lien of any Trust Deed or security agreement with respect to any or all of any real or personal property secured thereby, whether by the exercise of the power of sale contained therein, by an action for judicial foreclosure or by an acceptance of a deed in lieu of foreclosure, Guarantor shall remain bound under this Guarantee. [¶] 1.3.4. . . . *Guarantor shall have no right of subrogation, reimbursement or indemnity whatsoever and no right of recourse to or with respect to any assets or property of Borrower or to any collateral for the Guaranteed Indebtedness of Borrower*." (Italics added.)

Section 1.5: "<u>Enforcement of Guarantee</u>. Lender may proceed to exercise any right or remedy which it may have against any property, real or personal, as a result of any lien or security interest it may have to secure all or any portion of the Guaranteed Indebtedness, including but not limited to the Assignment, *it being agreed that in no event shall Lender have any obligation to (but may at its option) proceed against Borrower or any other person or entity or any such real or personal property before seeking satisfaction from Guarantor under this Guarantee*." (Italics added.)

### III.

### OSBORNE DEVELOPMENT-CALIMESA RANCH, L.P., DEFAULTS ON THE CALIMESA NOTE AND NEITHER OSBORNE NOR ODC PAY THE OUTSTANDING AMOUNT DUE ON THE CALIMESA NOTE PURSUANT TO THE CALIMESA NOTE GUARANTEE AGREEMENT.

Womble loaned $3 million to Osborne Development-Calimesa Ranch, L.P. Osborne Development-Calimesa Ranch, L.P., defaulted on its obligations under the Calimesa Note by failing to make the payment due on the maturity date of December 31, 2012, and failed to tender any further payments at anytime thereafter, despite repeated requests by Womble.

Osborne and ODC defaulted on their obligation to repay the amount owed on the Calimesa Note under the Calimesa Note Guarantee Agreement. As a result,

Womble sustained damages of $4,782,027.94, "with interest rapidly accruing at a rate of $666.67 per day."

PROCEDURAL HISTORY

I.

THE COMPLAINT

Womble and Aspen Consulting LTD. Profit Sharing Plan (Aspen) filed a complaint against Osborne, ODC, Osborne Development-Calimesa Ranch, L.P., Buena Vida Farms, LLC, and REO Investments, LLC, containing claims arising out of the Calimesa Note and the Calimesa Note Guarantee Agreement as well as other transactions involving promissory notes and guarantees which are not at issue in this appeal. As relevant to this appeal, the sixth cause of action of the complaint was Womble's claim for breach of the Calimesa Note Guarantee Agreement against Osborne and ODC.

Osborne and REO Investments, LLC, filed an answer to the complaint, which did not contain an affirmative defense based on the security-first rule of section 726.

II.

WOMBLE AND ASPEN FILE A MOTION FOR SUMMARY JUDGMENT AND/OR ADJUDICATION; THE TRIAL COURT GRANTS OSBORNE LEAVE TO FILE AMENDED ANSWER TO INCLUDE THE SECURITY-FIRST RULE UNDER SECTION 726, SUBDIVISION (a) AS AN AFFIRMATIVE DEFENSE.

Womble and Aspen filed a motion for summary judgment or, in the alternative, for summary adjudication as to some of the claims in the complaint alleged against Osborne and all of the claims alleged against ODC. As to Womble's sixth cause of action, the accompanying memorandum of points and authorities argued, "[b]ecause each of the elements of a written guaranty cause of action are established, and because

6

there are no triable issues of material fact with regard to any of them, this Court should grant Plaintiff Womble's motion for summary judgment as to the Sixth Cause of Action."

Osborne opposed the motion, arguing, inter alia, "[s]ince this note is secured by deeds of trust and Plaintiffs have failed to exhaust the security or prove the security is worthless, Plaintiff Womble is barred by Section 726(a) from pursuing a money judgment against Defendant Patricia A. Osborne." She also stated the motion was improper as to ODC because it had not been served and had not appeared in the action. Osborne also filed objections to Womble's evidence.

In his reply brief, Womble argued Osborne "never alleged the one action/security first affirmative defense in this litigation and has never sought to amend her answer to allege that affirmative defense." Womble also argued that "[a]s to the Calimesa Note, Ms. Osborne is a guarantor, not a borrower, and expressly waived the protections of the one action/security first rule that she now seeks to exploit in her opposition brief." (Boldface omitted.) Womble filed objections to Osborne's evidence.

Osborne and REO Investments, LLC, moved for leave to file a first amended answer that would add an affirmative defense based on section 726. The trial court granted the motion for leave to file a first amended answer.

III.

THE TRIAL COURT GRANTS THE MOTION FOR SUMMARY ADJUDICATION AS TO THE SIXTH CAUSE OF ACTION AGAINST OSBORNE ONLY.

Following a hearing on the motion for summary judgment and/or adjudication, the trial court overruled all evidentiary objections that had been asserted in favor of or in opposition to the motion. The court denied the motion as to ODC because it had never been served with the motion and had not appeared in the action.

As to the claims for breach of contract alleged against Osborne, involving promissory notes other than the Calimesa Note, the court denied the motion, stating,

7

"Osborne has sufficiently raised Code of Civil Procedure section 726 as an affirmative defense.  The evidence shows each note at issue is secured by real property, no foreclosure has taken place, plaintiffs have not exhausted the security, and the security is not worthless. . . . [citations]."

As to the sixth cause of action for breach of the Calimesa Note Guarantee Agreement alleged against Osborne, the court granted summary adjudication in favor of Womble in the amount of $4,782,027.94 plus interest.  The court explained, "Womble has met [his] burden as to this claim. . . . Osborne has failed to raise a triable issue of material fact or demonstrate Code of Civil Procedure section 726 precludes summary adjudication of the claim at this time.  The evidence shows Osborne waived the benefit of section 726 in the subject guarantee. . . . [citations].  Osborne does not dispute the existence or enforceability of the waiver or that she is a true guarantor."

IV.

WOMBLE VOLUNTARILY DISMISSES THE ACTION WITHOUT PREJUDICE
EXCEPT FOR THE SIXTH CAUSE OF ACTION AGAINST OSBORNE; JUDGMENT
IS ENTERED AGAINST OSBORNE; OSBORNE APPEALS.

Following the trial court's order granting summary adjudication on the breach of the Calimesa Note Guarantee Agreement in Womble's favor, Womble filed a request for dismissal of the action without prejudice as to "All causes of action and defendants EXCEPT the sixth cause of action against def. Patricia Osborne."  The court clerk entered the dismissal as requested.

Judgment was entered in favor of Womble and against Osborne on the sixth cause of action in the total amount (including prejudgment interest) of $4,978,028.92.  The judgment further stated that Womble was entitled to recover his reasonable attorney fees and costs of suit, in an amount that would be determined on a postjudgment motion.  The judgment stated Womble would also be entitled to collect postjudgment interest

8

pursuant to section 685.010, subdivision (a) and costs of enforcing the judgment to the extent allowed by section 685.070. Osborne appealed.

## DISCUSSION

### I.

### STANDARD OF REVIEW

We review an order granting summary adjudication de novo. (*Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 767; *Village Nurseries v. Greenbaum* (2002) 101 Cal.App.4th 26, 35.) A motion for summary adjudication is properly granted if the moving papers establish there is no triable issue of material fact as to a cause of action, an affirmative defense, or the existence of or lack of a duty, and the moving party is entitled to judgment as a matter of law. (§ 437c, subds. (c), (f); *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 843.)

A plaintiff moving for summary adjudication "has met his or her burden of showing that there is no defense to a cause of action if that party has proved each element of the cause of action entitling the party to judgment on that cause of action. Once the plaintiff or cross-complainant has met that burden, the burden shifts to the defendant or cross-defendant to show that a triable issue of one or more material facts exists as to that cause of action or a defense thereto. The defendant or cross-defendant may not rely upon the mere allegations or denials of its pleadings to show that a triable issue of material fact exists but, instead, shall set forth the specific facts showing that a triable issue of material fact exists as to that cause of action or a defense thereto." (§ 437c, former subd. (p)(1).)

### II.

### SUMMARY ADJUDICATION WAS PROPERLY GRANTED BECAUSE OSBORNE WAIVED THE SECURITY-FIRST RULE AFFIRMATIVE DEFENSE UNDER SECTION 726, SUBDIVISION (a).

Osborne solely challenges the trial court's order granting Womble's motion for summary adjudication of the sixth cause of action for breach of the Calimesa Note

Guarantee Agreement on the ground the court misinterpreted the language of that instrument to conclude she waived the security-first rule of section 726 as an affirmative defense. We conclude the trial court properly interpreted the Calimesa Note Guarantee Agreement.

## A.

### *Applicable Rules of Contract Interpretation*

We apply basic rules of contract interpretation in our review of the trial court's interpretation of the Calimesa Note Guarantee Agreement. (*Founding Members of the Newport Beach Country Club v. Newport Beach Country Club, Inc.* (2003) 109 Cal.App.4th 944, 955.) The basic goal of contract interpretation is to give effect to the parties' mutual intent at the time they entered the contract. (*Ibid.*) "When a contract is reduced to writing, the parties' intention is determined from the writing alone, if possible. [Citation.] 'The words of a contract are to be understood in their ordinary and popular sense.' [Citations.]" (*Ibid.*) In a case, such as the instant case, in which no extrinsic evidence is introduced to prove a meaning to which the contract is reasonably susceptible, we independently construe the contract. (*Id.* at pp. 955-956.)

## B.

### *Guarantors May Waive the Protection of Section 726, Subdivision (a) and Their Waiver Need Not Expressly Reference That Code Section to Be Effective.*

"In the case of real property, deficiency judgments are governed by Code of Civil Procedure section 726, which provides that '[t]here can be but one form of action for the recovery of any debt or the enforcement of any right secured by mortgage upon real property or an estate for years therein, which action shall be in accordance with the provisions of this chapter.'" (*Ghirardo v. Antonioli* (1996) 14 Cal.4th 39, 47.) "Thus, in order to obtain a deficiency judgment, [the party] was required first to proceed by judicial foreclosure (Code Civ. Proc., § 726, subd. (a)). Then, if the proceeds from the

10

foreclosure were insufficient to cover the amount of the promissory note, 'unless . . . a deficiency judgment is prohibited by [Code of Civil Procedure] Section 580b,' he could seek to collect the remaining debt personally by deficiency judgment [citation]." (*Id.* at pp. 47-48; see *Security Pacific National Bank v. Wozab* (1990) 51 Cal.3d 991, 999 [referring to section 726's rule prohibiting a bank from bringing a judicial action before foreclosing the security as the "security-first rule"].)

"Civil Code section 2856[2] provides that any guarantor or other surety, including a guarantor of a note secured by real property, may waive rights and defenses that would otherwise be available to the guarantor, including antideficiency protections provided by Code of Civil Procedure sections 580a and 726. The statute was enacted in response to the holding of *Cathay Bank v. Lee* (1993) 14 Cal.App.4th 1533 . . . , which imposed stringent requirements on the wording and interpretation of a guarantor's waiver of a defense arising from the principal's rights under the antideficiency statutes. [Citation.]" (*Gramercy Investment Trust v. Lakemont Homes Nevada, Inc.* (2011) 198 Cal.App.4th 903, 911.)[3]

"A guarantor is one who promises to answer for the debt or perform the obligation of another when the person fails to pay or perform. [Citation.] Although

---

[2] Civil Code section 2856, subdivision (a) provides in part: "(a) Any guarantor or other surety, including a guarantor of a note or other obligation secured by real property or an estate for years, may waive any or all of the following: [¶] . . . [¶] (3) Any rights or defenses the guarantor or other surety may have because the principal's note or other obligation is secured by real property or an estate for years. These rights or defenses include, but are not limited to, any rights or defenses that are based upon, directly or indirectly, the application of Section 580a, 580b, 580d, or 726 of the Code of Civil Procedure to the principal's note or other obligation."

[3] At oral argument, Osborne cited *California Bank & Trust v. DelPonti* (2014) 232 Cal.App.4th 162, which was not cited in her appellate briefing. In that case, the appellate court held guarantors' predefault waivers "are limited to those legal or statutory defenses particularly set forth in the guaranty agreement and do not constitute a waiver of all equitable defenses." (*Id.* at pp. 167-168.) As the instant case involves the waiver of statutory defenses, *California Bank & Trust v. DelPonti* is inapplicable.

certain antideficiency protections (e.g., Code Civ. Proc., § 580d) are applicable to guarantors, a guarantor may waive such defenses [citations], whereas a debtor may not [citations]. Where a contracting party is sufficiently aware of the circumstances and consequences of a waiver, contractual waiver/estoppel will be found: '[P]arties who have expressed their mutual assent are bound by the contents of the instrument they have signed, and may not thereafter claim that its provisions do not express their intentions or understanding.' [Citations.] Particularly where the parties making the guaranties are sophisticated businesspersons with expertise in real estate development, a finding of waiver is appropriate where the language of the waiver evinces such an intention. [Citation.]" (*Gramercy Investment Trust v. Lakemont Homes Nevada, Inc.*, *supra*, 198 Cal.App.4th at p. 911.)

Civil Code section 2856, subdivision (b) provides: "A contractual provision that expresses an intent to waive any or all of the rights and defenses described in subdivision (a) shall be effective to waive these rights and defenses *without regard to the inclusion of any particular language or phrases in the contract to waive any rights and defenses or any references to statutory provisions or judicial decisions*." (Italics added.)

C.

*Provisions in the Calimesa Note Guarantee Agreement Express Osborne's Intent to Waive the Rights and Defenses of Section 726, Within the Meaning of Civil Code Section 2856, Subdivisions (a) and (b).*

In the Calimesa Note Guarantee Agreement, Osborne expressly agreed to waive the security-first rule as the agreement states Osborne, as guarantor, agreed (1) her guarantee obligation is "primary, absolute and unconditional, irrespective of and unaffected by" the absence of any action to enforce the Calimesa Note or "[t]he existence, value or condition of any security" or "any action or the absence of any action by [Womble] with respect thereof"; (2) her guarantee obligation is irrespective of and

12

unaffected by "[a]ny other action or circumstance which might otherwise constitute a legal or equitable discharge or defense of a surety or guarantor"; (3) she "expressly waive[d]" the right "under any statute" that would compel Womble to "proceed . . . against any security for the payment of the Guaranteed Indebtedness before proceeding against, or as a condition to proceeding against [Osborne]"; (4) she waived the right to require Womble to exhaust his rights and remedies against Osborne Development-Calimesa Ranch, L.P.; and (5) that "in no event" shall Womble "have any obligation to (but may at its option) proceed against [Osborne Development-Calimesa Ranch, L.P.,] or any other person or entity or any such real or personal property before seeking satisfaction from [Osborne] under this Guarantee."

In her opening brief, Osborne argues Civil Code section 2856, subdivision (c) provides sample language constituting an effective waiver of the rights and defenses of section 726, and that the Calimesa Note Guarantee Agreement does not include that sample language. It is true the Calimesa Note Guarantee Agreement does not include the language set forth in Civil Code section 2856, subdivision (c), but that subdivision expressly states that the sample language is offered "[w]ithout limiting any rights of the creditor or any guarantor or other surety to use any other language to express an intent to waive any or all of the rights and defenses described in paragraphs (2) and (3) of subdivision (a)."

Furthermore, as discussed *ante*, Civil Code section 2856, subdivision (b) provides a contractual provision that expresses an intent to waive the rights and defenses of section 726 is sufficient; no "particular language or phrases . . . or any references to statutory provisions" is required to effect such a waiver (Civ. Code, § 2856, subd. (b)). Summary adjudication was properly granted.

13

III.

MOTION TO DISMISS

Womble filed a motion to dismiss the appeal under the disentitlement doctrine, on the ground Osborne failed to comply with the trial court's order that she appear for a judgment debtor examination scheduled in October 2015, or with the order that she appear for a judgment debtor examination on a continued date a month later. Because we have concluded summary adjudication was properly granted and judgment in favor of Womble and against Osborne was proper, we do not need to reach the merits of the motion to dismiss, and therefore deny it as moot.

DISPOSITION

The judgment is affirmed.  Respondent shall recover costs on appeal.

FYBEL, J.

WE CONCUR:

O'LEARY, P. J.

BEDSWORTH, J.

14