

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 01 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FNBN RESCON I, LLC<br><br>        Plaintiff-Appellant,<br><br>   v.<br><br>CITRUS EL DORADO, LLC,<br><br>        Defendant,<br><br> and<br><br>CRAFTSMEN HOMES, LLC; et al.,<br><br>        Defendants-Appellees. | No.    16-55604<br><br>D.C. No.<br>8:13-cv-00474-DOC-RNB<br><br><br>MEMORANDUM[*] |
| CITRUS EL DORADO, LLC,<br><br>        Plaintiff-Appellee,<br><br>   v.<br><br>STEARNS BANK,<br><br>        Defendant-Appellant,<br><br> and<br><br>FNBN RESCON I LLC; et al., | No.    16-55625<br><br>D.C. No.<br>8:09-cv-01462-DOC-RNB |

        [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendants.

Appeals from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted December 7, 2017
Pasadena, California

Before: TASHIMA, W. FLETCHER, and BERZON, Circuit Judges.

In these companion appeals, Stearns Bank LLC ("Stearns") and FNBN

Rescon I LLC ("Rescon") appeal from the district court's orders denying their

renewed motions for judgment as a matter of law. We have jurisdiction under 28

U.S.C. § 1291, and we affirm.


I.

Citrus El Dorado LLC ("Citrus") entered into a Construction Loan

Agreement with First Heritage Bank. Under the Agreement, Citrus would receive a

$13,394,000 loan in order to finance the construction of a residential development.

The loan was secured by a deed of trust on the property. In addition, Scott Shaddix

(the managing member of Citrus), Craftsmen Homes LLC, and Sweetwater

Holdings Inc. ("the Guarantors") guaranteed Citrus's obligations under the

agreement.

First Heritage Bank failed and was placed into FDIC receivership. The FDIC sold the Agreement through a series of contemporaneous transactions. In one transaction, the FDIC created Rescon, and assigned its interest in the Agreement to it. In a separate transaction, "Stearns SPV I," a subsidiary of Stearns, purchased the FDIC's sole membership interest in Rescon for approximately $32 million. Stearns also agreed to service the loan on Rescon's behalf.

Following contested events, Stearns declined to advance loan funds to Citrus and Citrus defaulted. In Case No. 16-55625 (the "Citrus Matter") Citrus brought contract and tort claims against Rescon and Stearns. The district court entered judgment against Stearns, and Stearns appealed. In *Citrus El Dorado LLC v. Stearns Bank*, 552 F. App'x 625 (9th Cir. 2014), this court reversed that judgment. On remand, the jury tried Citrus's sole remaining breach of contract claim against Stearns and returned a verdict in Citrus's favor.

In Case No. 16-55604 (the "Rescon Matter"), Rescon filed claims against the Guarantors for failing to pay the outstanding balance on the loan. The Guarantors raised an unclean hands affirmative defense, arguing that Rescon acted in bad faith and was therefore precluded from recovering on the guaranty. The jury returned a verdict in the Guarantors' favor.

Stearns and Rescon, in their respective matters, filed renewed motions for judgment as a matter of law that were denied by the district court. Both parties now appeal.

## II.

In the Citrus Matter, Stearns argues that the jury verdict was not supported by substantial evidence. We review de novo the district court's denial of a renewed motion for judgment as a matter of law. *Josephs v. Pac. Bell*, 443 F.3d 1050, 1062 (9th Cir. 2006). The verdict must be upheld "if it is supported by substantial evidence, which is evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion." *Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002). We must view the evidence in the light most favorable to the nonmoving party—here, Citrus—and draw all reasonable inferences in that party's favor. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 149–50 (2000).

Stearns first argues that the record contains no evidence that it assumed the lender's obligations under the Construction Loan Agreement. Stearns was not a party to the original Agreement, but the district court instructed the jury that Stearns could be found to have impliedly assumed the Agreement's obligations if it was aware of those obligations and if it accepted all of the benefits of Citrus's performance. *See* Cal. Civ. Code § 1589. On appeal, Stearns argues that the record

4

does not indicate that it accepted any benefits. Our review of the record, viewed in the light most favorable to Citrus, supports the jury's conclusion. Because Rescon is owned by Stearns SPV I, a wholly-owned subsidiary of Stearns, the benefits of Citrus's performance ultimately ran to Stearns.

Stearns also argues that the record contains insufficient evidence that Citrus performed conditions that were precedent to its entitlement to receive loan funds. The conditions challenged by Stearns required Citrus to (1) demonstrate that there were sufficient funds to complete the project and pay other sums under the Agreement; (2) pay all outstanding property taxes and assessments; (3) keep the property free of liens; and (4) obtain title insurance in order to maintain "the continued priority of the [Lender's] lien" from mechanic's liens.

Substantial evidence supports the jury's conclusion that Citrus performed, or was excused from performing, the relevant conditions. For the first condition, the parties disputed whether or not there were sufficient funds remaining to complete the project, and presented conflicting evidence on this question. This court may not second-guess the jury's credibility findings or weighing of the evidence. *Murray v. Laborers Union Local No. 324*, 55 F.3d 1445, 1452 (9th Cir. 1995).

With respect to the remaining conditions, Citrus presented evidence that Stearns's refusal to advance loan funds in a timely manner prevented Citrus from

fulfilling the conditions. Under California law, if one contracting party prevents the other from performing a condition precedent, the party that is subject to the condition is excused from performing it. *See Parsons v. Bristol Dev. Co.*, 62 Cal. 2d 861, 868–69 (1965); *City of Hollister v. Monterey Ins. Co.*, 165 Cal. App. 4th 455, 490 (2008).

Finally, California has applied the doctrine of substantial performance to conditions precedent. *See, e.g.*, *Cline v. Yamaga*, 97 Cal. App. 3d 239, 247 (1979). Stearns challenges only a small subset of the conditions precedent outlined in the Agreement. Substantial evidence supports a finding that Citrus substantially performed the conditions, and that Stearns was not discharged from its obligation to advance loan funds.

III.

In the Rescon Matter, Rescon argues that the district court erred in submitting the Guarantors' unclean hands defense to the jury. Specifically, Rescon contends that (1) the Guarantors waived the defense; (2) the Guarantors are barred by issue preclusion from raising the defense; and alternatively, (3) the defense is not supported by substantial evidence. We address these arguments in turn.

Rescon first argues that the guaranty contracts include a waiver of the right to assert an unclean hands defense. A district court's interpretation of contract

provisions is reviewed de novo. *Conrad v. Ace Prop. & Cas. Ins. Co.*, 532 F.3d 1000, 1004 (9th Cir. 2008). Even assuming, arguendo, that a waiver exists, any such waiver would be unenforceable under California law. *See Cal. Bank & Trust v. DelPonti*, 232 Cal. App. 4th 162, 166–68 (2014). Accordingly, the district court did not err in concluding that the Guarantors were not contractually barred from raising the defense.

Rescon also argues that the first final judgment in the Citrus Matter precludes the Guarantors from raising the defense. Specifically, Rescon argues that the Guarantors' defense is premised on Rescon's alleged misconduct towards Citrus, that Citrus litigated and lost its breach of contract claim against Rescon in the Citrus Matter, and that the breach of contract claim was based on similar factual allegations. We review the availability of issue preclusion de novo; if it is available, we review the decision to apply it for abuse of discretion. *Diaz v. Elique*, 436 F.3d 1125, 1128 (9th Cir. 2006). Under California law, issue preclusion is available when six factors are met. These factors are: (1) "the issue sought to be precluded must be identical to that decided in a former proceeding"; (2) the issue "must have been actually litigated in the former proceeding"; (3) the issue "must have been necessarily decided in the former proceeding"; (4) "the decision in the former proceeding must be final and on the merits"; (5) "the party against whom

preclusion is sought must be the same as, or in privity with, the party to the former proceeding"; and (6) the application of issue preclusion must be consistent with public policy. *Lucido v. Superior Court*, 51 Cal. 3d 335, 341–43 (1990).

The district court concluded that preclusion was not available, because the Guarantors were neither parties to the original lawsuit, nor in privity with a party. We disagree. Under California law, privity requires a showing that the Guarantors had "an identity or community of interest with, and adequate representation by" Citrus in the first action. *Cunningham v. Gates*, 312 F.3d 1148, 1156 (9th Cir. 2002) (quoting *Clemmer v. Hartford Ins. Co.*, 22 Cal. 3d 865, 875 (1978)). The interests of the Guarantors and Citrus (the principal debtor) were closely aligned, given that the Guarantors' liability was dependent on a finding that Citrus defaulted. Further, as noted by the district court, while there were three guarantors, Scott Shaddix signed the underlying Construction Loan Agreement as a principal of Citrus, and signed all three guaranty agreements on behalf of himself, Craftsmen Homes, and Sweetwater Holdings. In the first trial in the Citrus Matter, during closing argument, Citrus even asked the jury to award Citrus sufficient funds to pay off the Guarantors' outstanding obligations. Because the Guarantors and Citrus were in privity, the district court erred in concluding that the Guarantors, as nonparties, could not be bound by the final judgment in the Citrus Matter.

8

However "[w]e may affirm the district court on any ground supported by the record, even if the ground is not relied on by the district court." *Charley's Taxi Radio Dispatch Corp. v. SIDA of Haw., Inc.*, 810 F.2d 869, 874 (9th Cir. 1987). For preclusion to apply, the issue in the prior action must be identical to the issue for which preclusion is sought. *Lucido*, 51 Cal. 3d at 341. We conclude that the two relevant issues—whether Rescon breached its agreement with Citrus, and whether Rescon acted "unfairly, unconscionably, or inequitably" in its dealings with Citrus—are not identical. While there is some overlap in the evidence presented at trial, the overall factual allegations are not the same.

Our review of the record in the first Citrus trial strengthens this conclusion. During the first trial in the Citrus Matter, evidence was presented that Rescon exclusively interacted with Citrus through Stearns, and that Stearns represented itself as the lender, disregarding corporate formalities. The jury returned a special verdict, in which it found that both Stearns and Rescon were parties to the contract, and that either Stearns or Rescon breached the contract. The jury then awarded damages and allocated responsibility to Stearns. These findings leave it ambiguous whether the jury returned a verdict in Rescon's favor. But even assuming that it did, given the close connections among the parties, a finding that Stearns, rather than Rescon, breached the contract does not preclude a finding that Rescon acted

9

unfairly. We therefore hold that the Guarantors were not precluded from raising an unclean hands defense.

Rescon's final contention is that the Guarantors' defense is not supported by substantial evidence. Because the record supports a finding that Rescon concealed its identity from Citrus and the Guarantors, we conclude that the defense is supported by substantial evidence. Rescon's argument that Citrus did not satisfy all of the contractual conditions precedent is duplicative of Stearns's arguments in the Citrus Matter, and fails for the same reasons.

**AFFIRMED.**